DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Dale Andre Terrell, appeals from the consecutive prison sentences imposed upon him by the Summit County Court of Common Pleas. We affirm.
On May 5, 1997, Defendant pled guilty to one count of theft, a felony of the fifth degree. The court placed Defendant on two years of community control, with several specific conditions. The trial court informed Defendant that it would impose up to an eight-month prison term if he violated the terms and conditions of community control.
Three weeks later, on May 26, 1997, Defendant forcibly kicked in the front door of an occupied home while one of the residents was asleep upstairs. He stole a wallet containing money and credit cards. Defendant was indicted for burglary and theft.
Pursuant to Criminal Rule 11 plea negotiations, Defendant pled guilty to one count of burglary, a second-degree felony. The court sentenced Defendant to two years incarceration for the burglary and dismissed the theft charge. Defendant also pled guilty to violating the terms and conditions of community control. The trial court imposed a sentence of six months incarceration for the prior theft offense, with the sentence to run consecutively to the sentence for the burglary charge. Defendant now appeals, raising the following assignment of error:
 ASSIGNMENT OF ERROR
The trial court erred as a matter of law by sentencing Appellant-Defendant to consecutive sentences.
Defendant maintains that the trial court should have sentenced him to concurrent sentences because R.C. 2929.41, as amended January 1, 1997, no longer requires consecutive terms for such offenders. Prior to this amendment, the statute mandated consecutive sentences for new felonies committed by a person on community control.[1] Defendant contends that (1) the trial court erroneously sentenced him according to the old law; and, (2) none of the criteria permitting consecutive sentences under the new law are applicable to him. We find that (1) the record reflects that the trial court was aware of the change in the law allowing discretion in the imposition of consecutive sentences; and, (2) the criteria in R.C. 2929.14(E)(3) are applicable to the facts and circumstances of this case, giving the trial court sufficient reason to impose consecutive sentences.
When the trial court addressed Defendant during the Crim.R. 11 dialogue, it stated that the probation violation sentence was required to run consecutively to the sentence for the new charge. Defendant was not prejudiced by this misstatement because Defendant's counsel corrected the court before sentencing by stating that the new law allowed the court to order the sentences to be served concurrently:
[Counsel for Defendant]:
 Finally, with respect to the probation violation, I believe under the new sentencing law, [R.C.] 2929. 41, the Court does have discretion in terms of whether or not that sentence should run concurrently or consecutively.
 I agree under the old law the Court was required to sentence a probation violator consecutively, but under the new law that took effect on January 1st of 1997, again, I am referring to [R.C.] 2929.41, I believe the Court has the discretion.
 I would ask the Court to exercise that discretion and run those sentences concurrently in this matter for a total of two years.
Thank you, Your Honor.
The trial court was aware of the sentencing discretion afforded it under the amended statute and did not make any further reference to mandatory consecutive sentences. Before imposing the consecutive sentences, however, the trial court did engage in a lengthy discussion concerning the seriousness of the crimes committed and the permanent effect of Defendant's actions upon the victims. The court noted that the gentleman of the house was home asleep at the time of the burglary, and that the wife still barricaded her doors at night as a result of the fear she experienced when she walked into the home and discovered Defendant there.
The Court:
 That's the thing about these type of offenses, * * * the effect of going into someone's house, whether they are there or not, is a psychological injury, a devastation.
 In other words, these people will never again feel the same way in terms of safety of their house, and that's the permanent injury you caused them.
* * *
 [T]his is a serious offense. The Court looks on burglary as one of the most serious offenses in terms of violating another individual's rights.
The seriousness of the offense committed by Defendant and its effect upon the victims, combined with the fact that it was committed just a few weeks after Defendant had been placed on community control for committing another theft offense, provided more than sufficient reason for the trial court to impose consecutive sentences under the factors contained in R.C.2929.14(E)(3).[2]
We find that the record supports the imposition of consecutive sentences upon Defendant and that the trial court complied with the statutory requirements in finding the requisite factors necessary for imposing consecutive sentences.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
REECE, J.
DICKINSON, J., CONCUR
[1] Prior to January 1, 1997, R.C. 2929.41(B)(3) stated:
 (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases: * * *
 (3) When it is imposed for a new felony committed by a probationer, parolee or escapee. (Emphasis added.)
[2] R.C. 2929.14(E) provides:
 (3) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.